Filing # 255504399 E-Filed 08/24/2026 10:55:06 AM
NOT AN OFFICIAL COPY - PUBLIC ACCESS NOT AN OFFICIAL COPY - PUBLIC ACCESS

**IN THE COUNTY COURT OF THE 11TH JUDICIAL CIRCUIT**
**IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

**Case No.**

ELVIS LETTSOME,

**Plaintiff,**

v.

**JURY TRIAL DEMANDED**

MIDLAND CREDIT MANAGEMENT INC,

**Defendant.**

_______________________________________/

## COMPLAINT

Plaintiff Elvis Lettsome ("Plaintiff") sues Midland Credit Management Inc ("Midland") for violations of the Fair Credit Reporting Act ("FCRA") and the Fair Debt Collection Practices Act ("FDCPA").

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over Plaintiff and Midland (collectively, the "Parties"), because the cause of action arises within the jurisdiction of this Court and, thus, venue and jurisdiction are proper.

2. This Court has personal jurisdiction over Midland because Midland is operating, present, and/or doing business within this jurisdiction and because the complained of conduct of Midland occurred within Miami-Dade County, Florida.

3. The amount in controversy is greater than $15,000 but not to exceed $50,000.00 exclusive of costs, interest, and attorneys' fees, and is otherwise within this Court's jurisdiction.

4. Venue of this action is proper in this Court because, pursuant to Fla. Stat. § 47.011, et seq., the cause of action alleged below arose in Miami-Dade County, Florida.

## PARTIES

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

5. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Miami-Dade County, Florida.

6. Midland is a/an Kansas Corporation, with its principal place of business located in San Diego, California.

**DEMAND FOR JURY TRIAL**

7. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

**FACTUAL ALLEGATIONS**

8. On a date better known to Midland, Midland began attempting to collect a debt (the "Account") from Plaintiff.

9. The Account is an obligation allegedly had by Plaintiff to pay money arising from a transaction between the creditor of the Account, Comenity Capital, and Plaintiff. In particular, the Account relates to unsecured line of credit (the "Subject Service").

10. The Subject Service was primarily for personal, family, or household purposes.

11. Midland is a business entity engaged in the business of soliciting consumer debts for collection.

12. Midland is a business entity engaged in the business of collecting consumer debts.

13. Midland regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

14. Midland is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

15. Midland's "Consumer Collection Agency" license number is CCA0900916.

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

16. Midland maintains, and keeps current within seven days, all the information and documentation required by Florida Administrative Code Rule 69V-180.080 with respect to the accounts placed with it for collection involving Plaintiff.

17. Midland maintains, and keeps current within seven days, Plaintiff's name and address. Fla. Admin. Code R. 69V-180.080(3)(a).

18. Midland maintains, and keeps current within seven days, the date any account relating to Plaintiff was placed with Midland for collection. Fla. Admin. Code R. 69V-180.080(3)(b).

19. Midland maintains, and keeps current within seven days, the original account number associated with each account placed with Midland for collection that involves Plaintiff. Fla. Admin. Code R. 69V-180.080(3)(b).

20. Midland maintains, and keeps current within seven days, the actual amount of the Account submitted to Midland for collection by the creditor. Fla. Admin. Code R. 69V-180.080(3)(c).

21. Midland maintains, and keeps current within seven days, all payments made by Plaintiff for each account placed with Midland for collection, the date of each payment, the amount of each payment, and any remaining balance after each payment. Fla. Admin. Code R. 69V-180.080(3)(e).

22. Midland maintains, and keeps current within seven days, all documentation provided by the original creditor that relates to Plaintiff. Fla. Admin. Code R. 69V-180.080(9)(a).

23. Midland maintains, and keeps current within seven days, the date Plaintiff incurred the underlying debt and the date of the last payment made by Plaintiff. Fla. Admin. Code R. 69V-180.080(9)(b).

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

24. Midland maintains, and keeps current within seven days, the identity of the original creditor of the debt placed with Midland for collection as known by Plaintiff. Fla. Admin. Code R. 69V-180.080(9)(c).

25. Midland maintains, and keeps current within seven days, the amount of each debt involving Plaintiff at the time of charge off. Fla. Admin. Code R. 69V-180.080(9)(d).

26. Midland maintains, and keeps current within seven days, copies of all letters, emails, and correspondence, whether written or electronic, sent to Plaintiff that relate to the account placed with Midland for collection. Fla. Admin. Code R. 69V-180.080(10).

27. Further, Midland has written policies and procedures for the secure handling of all consumer documents and information received in the course of collecting a debt from a consumer as required by Rule 69V-180.090(2).

28. Midland is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

29. Midland is a "person" within the meaning of Fla. Stat. § 559.72.

30. Midland reported the Account to Equifax, Experian, and TransUnion (the "CRAs") in an attempt to collect a debt.

31. Midland reported the Account to the CRAs in connection with the collection of a debt.

32. On or about March 25, 2026, Plaintiff obtained copies of Plaintiff's credit reports from the CRAs to review for accuracy in preparation of seeking lines of credit, as well as other services that consider Plaintiff's creditworthiness, such as employment and insurance.

33. Upon reviewing Plaintiff's credit reports, Plaintiff learned that Midland was reporting false, misleading, incomplete, and otherwise inaccurate information regarding the Account.

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

34. Midland's reporting of the Account lacked essential identifying and contextual information, including the original date the account was opened, the date it was closed, the account number, payment history, and other details necessary for Plaintiff to identify or verify the debt.

35. The incomplete reporting of the Account materially hindered Plaintiff's ability to determine whether the debt was valid, collectible, time-barred, or otherwise enforceable.

36. The incomplete reporting of the Account prevented Plaintiff from demonstrating positive account history, such as payment history and dates of activity, that would have improved Plaintiff's creditworthiness if reported.

37. The incomplete reporting of the Account caused Plaintiff to be evaluated less favorably by prospective creditors and materially diminished Plaintiff's creditworthiness.

38. Continuing to report Plaintiff's information inaccurately is significant. By continuing to report Plaintiff's information inaccurately, lenders believe Plaintiff has had a recent, major delinquency, which negatively reflects on a consumer's creditworthiness by impacting the credit score negatively.

39. Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

40. Midland reported false, misleading, incomplete, and inaccurate information regarding the Account and Plaintiff to the CRAs (the "Violative Information").

41. The Violative Information includes, but is not limited to, the failure to report the payment history associated with the Account, the true date the Account was actually opened, the date Plaintiff first became delinquent, the true status of the Account, and true amount of the underlying debt.

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

42. The Account, as reported by Midland, is inaccurate and incomplete.

43. The Violative Information is false, misleading, incomplete, and otherwise inaccurate because the history of payments made towards the Account are omitted, the dates reported are more recent than accurate, the amount reported exceeds any amount owed by Plaintiff, if anything, and the identity of the original creditor is omitted.

44. Midland knew the Violative Information was false, misleading, incomplete and otherwise inaccurate because Midland maintains, and keeps current within seven days, records reflecting the true and correct information as required by Florida Administrative Code Rule 69V-180.080.

45. Midland recklessly, and with complete disregard as to the consequences of its misconduct, reported false, misleading, incomplete, and otherwise inaccurate information regarding Plaintiff to the CRAs in connection with the collection of the Account.

46. Plainly, it appears as though Midland pulled the Violative Information out of thin air, willfully chose to omit key information relevant to Plaintiff's creditworthiness, and represented it as complete and accurate to the CRAs. Alternatively, Midland willfully chose to report the Violative Information while knowing it was false, misleading, incomplete, and otherwise inaccurate because Midland is required to obtain, retain, and keep up-to-date within seven (7) days, the complete payment history, the true amount of the debt, the true date Plaintiff first became delinquent, and the true date the underlying account was originally opened to maintain a valid Consumer Collection Agency with the Florida Office of Financial Regulation.

47. Midland's maintenance of records reflecting the complete payment history, the true amount of the debt, the true date Plaintiff first became delinquent, and the true date the underlying

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

account was originally opened is necessary for it (Midland) to lawfully operate as a debt collector in Florida.

48. Any failure to maintain the minimum mandatory records, *see* Fla. Admin. Code R. 69V-180.080 ("A registrant shall, at a minimum, maintain all records specified in this rule.") invalidates Midland's Consumer Collection Agency license and renders any and all conduct done in an attempt to collect a debt from a Florida consumer by Midland unlawful.

49. As a result of Midland reporting the Violative Information, the Account will erroneously remain on Plaintiff's credit for more time than allowed by law and negatively impacts Plaintiff's creditworthiness.

50. As a result of Midland reporting the Violative Information, Plaintiff's creditworthiness will be negatively impacted because it makes Plaintiff appear to have been delinquent more recently than accurate.

51. As a result of Midland reporting the Violative Information, Plaintiff's creditworthiness will be negatively impacted because it makes Plaintiff appear to have never made any payments towards the Account.

52. As a result of Midland reporting the Violative Information, or more pointedly, failing to report the payments previously made by Plaintiff towards the Account, makes it appear as though no payments towards the Account have ever been made and that the amount Midland seeks to collect is the full and original amount Plaintiff allegedly agreed to pay.

53. Midland knowingly or recklessly provided false information to the CRAs concerning the date the Account was placed with Midland for collection, as the dates listed by Midland are more recent than is accurate. Listing the dates placed for collection as more recent

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

than is accurate negatively impacts credit scores and creditworthiness of Plaintiff because it makes Plaintiff appear to have been delinquent more recently.

54. On or about April 2, 2026, Plaintiff began notifying the CRAs that the Account, as reported by Midland, was false, incomplete, and inaccurate (the "Initial Dispute").

55. The CRAs transmitted the Initial Dispute to Midland.

56. Despite receiving the Initial Dispute from the CRAs, Midland failed to timely conduct a reasonable investigation into the Account and, as a result, allowed false, inaccurate, and incomplete information to persist on Plaintiff's credit reports.

57. Despite Midland failing to conduct an independent, reasonable investigation into the Initial Dispute, Plaintiff continued disputing the Account with the CRAs, who transmitted Plaintiff's additional disputes to Midland.

58. Midland failed to conduct an independent, reasonable investigation into the Account in response to the disputes it received from the CRAs and, as a result, allowed false, inaccurate, and incomplete information to persist on Plaintiff's credit reports.

59. As a result of Midland reporting the Violative Information to the CRAs in connection with the collection of the Account, Plaintiff expended time drafting disputes to the CRAs regarding the Violative Information, as well as incurring the cost of mailing the disputes to the CRAs.

60. Plaintiff wasted time drafting and mailing the disputes to the CRAs as a result of Midland reporting of the Violative Information in connection with the collection of a debt.

61. Plaintiff incurred more than $10.00 in costs mailing the disputes to the CRAs as a result of Midland reporting the Violative Information in connection with the collection of a debt.

62. On June 21, 2026, Midland continued to report the Violative Information.

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

63. On or about June 14, 2026, Plaintiff obtained new copies of Plaintiff's credit reports from the CRAs to review for accuracy in preparation of seeking lines of credit, as well as other services that consider Plaintiff's creditworthiness, such as employment and insurance.

64. Upon reviewing Plaintiff's credit reports, Plaintiff learned that Midland was still reporting false, misleading, incomplete, and otherwise inaccurate information regarding the Account.

65. As a result of Midland reporting false, misleading, incomplete, and otherwise inaccurate information regarding the Account to the CRAs, Plaintiff became upset, distressed, and on more than (2) occasions, lost three (3) hours of sleep.

66. Plaintiff became anxious as to whether Plaintiff would be able to correct Midland's reporting of the Violative Information or whether Plaintiff would be forced to endure the negative consequences of Midland's false, misleading, incomplete, and otherwise inaccurate information until more than seven years have passed from the delinquency date reported by Midland.

67. Midland lacks policies and procedures reasonably adapted to prevent reporting false, misleading, incomplete, and otherwise inaccurate information to the CRAs.

## COUNT 1
## VIOLATION OF 15 U.S.C. § 1692e

68. Plaintiff incorporates by reference ¶¶ 8-69 of this Complaint.

69. Section 1692e of the FDCPA prohibits the use of "**false, deceptive, or misleading representation or means in connection with the collection of any debt**." 15 U.S.C. §1692e (emphasis added).

70. As stated above, Midland reported false, misleading, incomplete, and otherwise inaccurate information to the CRAs in connection with the collection of a debt from Plaintiff. Pointedly, Midland failed to report the complete payment history, as well as falsely and/or

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

misleadingly represented the date the Account was opened, the date Plaintiff first became delinquent, the status of the Account, the original creditor of the Account, and amount of the underlying debt.

71. Thus, by reporting the Violative Information to the CRAs, Midland made false, deceptive, and/or misleading representation in connection with the collection of the Account in violation of § 1692e of the FDCPA.

72. As a result of Midland reporting false, misleading, incomplete, and otherwise inaccurate information in connection with the collection of the Account, Plaintiff has sustained actual damages in the form of out-of-pocket expenses, time wasted, loss of sleep, distress, aggravation, and embarrassment.

73. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Midland, awarding Plaintiff the following relief: [1] actual damages as provided by 15 U.S.C. § 1692k; [2] statutory damages as provided by 15 U.S.C. § 1692k; [3] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and [4] any other relief that this Court deems appropriate under the circumstances.

**COUNT 2**
**VIOLATION OF 15 U.S.C. § 1692e(2)(A)**

74. Plaintiff incorporates by reference ¶¶ 8-69 of this Complaint.

75. The sixteen subsections of 15 U.S.C. § 1692e set forth a non-exhaustive list of additional practices that fall within this ban, including, but not limited to: "[t]**he false representation of the character, amount, or legal status of any debt**." 15 U.S.C. § 1692e(2)(A). (emphasis added).

76. As stated above, Midland reported false, misleading, incomplete, and otherwise inaccurate information to the CRAs in connection with the collection of a debt from Plaintiff.

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

Pointedly, Midland failed to report the complete payment history, as well as falsely and/or misleadingly represented the date the Account was opened, the date Plaintiff first became delinquent, the status of the Account, the original creditor of the Account, and amount of the underlying debt.

77. Thus, by reporting the Violative Information to the CRAs, Midland made false representations regarding the character, amount, and legal status of the Account in violation of § 1692e of the FDCPA**.**

78. As a result of Midland reporting false, misleading, incomplete, and otherwise inaccurate information in connection with the collection of the Account, Plaintiff has sustained actual damages in the form of out-of-pocket expenses, time wasted, loss of sleep, distress, aggravation, and embarrassment.

79. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Midland, awarding Plaintiff the following relief: [1] actual damages as provided by 15 U.S.C. § 1692k; [2] statutory damages as provided by 15 U.S.C. § 1692k; [3] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and [4] any other relief that this Court deems appropriate under the circumstances.

**COUNT 3**
**VIOLATION OF 15 U.S.C. § 1692e(8)**

80. Plaintiff incorporates by reference ¶¶ 8-69 of this Complaint.

81. The sixteen subsections of 15 U.S.C. § 1692e set forth a non-exhaustive list of additional practices that fall within this ban, including, but not limited to: "[c]**ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false….**" 15 U.S.C. § 1692e(8). (emphasis added).

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

82. As stated above, Midland reported false, misleading, incomplete, and otherwise inaccurate information to the CRAs in connection with the collection of a debt from Plaintiff. Pointedly, Midland failed to report the payment history, as well as falsely and/or misleadingly represented the date the Account was opened, the date Plaintiff first became delinquent, the status of the Account, the original creditor of the Account, and amount of the underlying debt.

83. Here, Midland knowingly chose to report the false, misleading, and/or otherwise incomplete information to the CRAs because the *correct* and *complete* information is among the information Midland is required to obtain, retain, and keep up-to-date within seven (7) days, to maintain a valid Consumer Collection Agency with the Florida Office of Financial Regulation, of which Midland *must* possess to lawfully collect consumer debts from Florida consumers. Fla. Stat. § 559.553(1) ("A person may not engage in business in this state as a consumer collection agency or continue to do business in this state as a consumer collection agency without first registering in accordance with this part, and thereafter maintaining a valid registration.").

84. As such, Midland communicated to any person credit information which is known or which should be known to be false in violation of § 1692e(8) of the FDCPA by falsely reporting the Violative Information to the CRAs because the *correct* and *complete* information among the information Midland is required to obtain, retain, and keep up-to-date within seven (7) days, to maintain a valid Consumer Collection Agency with the Florida Office of Financial Regulation, of which Midland *must* possess to lawfully collect consumer debts from Florida consumers.

85. As a result of Midland reporting false, misleading, incomplete, and otherwise inaccurate information in connection with the collection of the Account, Plaintiff has sustained actual damages in the form of out-of-pocket expenses, time wasted, loss of sleep, distress, aggravation, and embarrassment.

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

86. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Midland, awarding Plaintiff the following relief: [1] actual damages as provided by 15 U.S.C. § 1692k; [2] statutory damages as provided by 15 U.S.C. § 1692k; [3] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and [4] any other relief that this Court deems appropriate under the circumstances.

**COUNT 4**
**VIOLATION OF 15 U.S.C. § 1692e(10)**

87. Plaintiff incorporates by reference ¶¶ 8-69 of this Complaint.

88. The sixteen subsections of 15 U.S.C. § 1692e set forth a non-exhaustive list of additional practices that fall within this ban, including, but not limited to: "[t]**he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**" 15 U.S.C. § 1692e(10). (emphasis added).

89. As stated above, Midland reported false, misleading, incomplete, and otherwise inaccurate information to the CRAs in connection with the collection of a debt from Plaintiff. Pointedly, Midland failed to report the complete payment history, as well as falsely and/or misleadingly represented the date the Account was opened, the date Plaintiff first became delinquent, the status of the Account, the original creditor of the Account, and amount of the underlying debt.

90. Thus, by reporting the Violative Information to the CRAs, Midland used false representations and deceptive means to attempt to collect the Account in violation of § 1692e(10) of the FDCPA**.**

91. As a result of Midland reporting false, misleading, incomplete, and otherwise inaccurate information in connection with the collection of the Account, Plaintiff has sustained

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

actual damages in the form of out-of-pocket expenses, time wasted, loss of sleep, distress, aggravation, and embarrassment.

92. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Midland, awarding Plaintiff the following relief: [1] actual damages as provided by 15 U.S.C. § 1692k; [2] statutory damages as provided by 15 U.S.C. § 1692k; [3] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and [4] any other relief that this Court deems appropriate under the circumstances.

**COUNT 5**
**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT**

93. Plaintiff incorporates by reference ¶¶ 8-69 of this Complaint.

94. On at least one occasion within the past two years, by example only and without limitation, Midland violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

95. On at least one occasion within the past two years, by example only and without limitation, Midland violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

96. On at least one occasion within the past two years, by example only and without limitation, Midland violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the inaccurate information.

97. Upon information and belief, Midland was aware of the FCRA obligations to reasonably investigate dispute when it received notice of Plaintiff's disputes.

98. When Midland received notice of Plaintiff's disputes from the CRAs, Midland could and should have reviewed its own systems and previous communications with Plaintiff as part of its investigation.

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

99. Midland would have discovered that the information it was reporting about Plaintiff was inaccurate if Midland had reviewed its own systems and previous communications with Plaintiff.

100. Midland's investigation was *per se* deficient by reason of these failures on Midland's investigation of Plaintiff's dispute.

101. As a direct and proximate result of Midland's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for loans; (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

102. Midland's actions in violation of 15 U.S.C. § 1681s-2(b), were willful, rendering it liable for actual or statutory damages as well as punitive damages as the Court may allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

103. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Midland, awarding Plaintiff the following relief: [1] damages pursuant to 15 U.S.C. § 1681n; [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n; and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 6
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT

104. Plaintiff incorporates by reference ¶¶ 8-69 of this Complaint.

105. On at least one occasion within the past two years, by example only and without limitation, Midland violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

106. On one or more occasions within the past two years, by example only and without limitation, Midland violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

107. On one or more occasions within the past two years, by example only and without limitation, Midland violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the inaccurate information.

108. When Midland received notice of Plaintiff's disputes from the CRAs, Midland could and should have reviewed its own systems and previous communications with Plaintiff as part of its investigation.

109. Midland would have discovered that the information it was reporting about Plaintiff was inaccurate if Midland had reviewed its own systems and previous communications with Plaintiff.

110. Midland's investigation was *per se* deficient by reason of these failures on Midland's investigation of Plaintiff's dispute.

111. As a direct and proximate result of Midland's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for loans; (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

112. Midland's actions constitute negligent noncompliance with the FCRA rendering it liable for actual damages as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

NOT AN OFFICIAL COPY - PUBLIC ACCESS NOT AN OFFICIAL COPY - PUBLIC ACCESS

113. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Midland, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

DATED: August 24, 2026

Respectfully Submitted,

/s/ Talal Rashid .

**TALAL RASHID, ESQ.**
Florida Bar No. 1010307
E-mail: Talal@pzlg.legal
**VICTOR ZABALETA, ESQ.**
Florida Bar No. 118517
E-mail: Victor@pzlg.legal
PATTI ZABALETA LAW GROUP
110 SE 6th Street, 17th Floor
Fort Lauderdale, Florida 33301
Phone: 305-332-6201

*COUNSEL FOR PLAINTIFF*